Joachim Kohn and others *v.* John F. Miller and another, Syndics of the creditors of said John F. Miller, an Insolvent.

Appeal from the District Court of St. Martin, *Boyce, J.*

*Voorhies,* for the plaintiffs.

*Magill,* for the appellants.

Morphy, J. This action is brought on an open account for advances of money, commissions, and interest, articles of clothing, provisions, &c., furnished by the plaintiffs, as commission merchants, or factors to Jonas Marsh, and John F. Miller, as joint partners in a certain sugar plantation and slaves in the parish of St. Martin, from the beginning of 1838, up to 31st of August, 1841. A number of letters, drafts, and other vouchers were produced in support of this account, and a long string of interrogatories propounded touching a great many items in it, and an alleged agreement of the defendants, to pay ten per cent per annum on all advances made for them by the petitioners. These interrogatories were answered by Jonas Marsh, but John F. Miller, to whom they were also put, as being one of the syndics of his own estate, allowed the facts sought to be proved to be taken, *pro confessis,* by his neglect to make any answer. Judgment was accordingly entered up against the syndics for $4288 07, with interest at ten per cent per annum from the 31st of August, 1841,

until paid, that sum being one-half of the amount claimed of Jonas Marsh & Co. The syndics have appealed.

This case has been submitted to us without argument, and without any points having been made by either of the parties. The only doubt which has occurred to us is, whether the insolvent can, by the course pursued, be made a witness in favor of the plaintiffs, when he could not testify in a contest between them and his other creditors ? If, however, the latter have thought proper to select him as their syndic, the reason for the exclusion of his testimony, which is a presumption of fraud and collusion, is greatly diminished, if not entirely removed, by such a mark of confidence in him on their part ; and we can see no good reason why the plaintiffs should not have the right to propound to him interrogatories on matters within his personal knowledge, as to a party acting in his own right. What effect such a judgment would have against the other creditors, if disputed on a tableau of distribution, we are not called upon to decide. Under this view of the matter, we think, that the Judge, *a quo*, decided correctly.

*Judgment affirmed.*